Your Honor, I reserve one minute for rebuttal. And may it please the Court, Nicholas Markey on behalf of Manuel Morfin-Diaz. Your Honor, this is a case that comes out of the Eastern District of Washington. Mr. Morfin-Diaz was charged with illegal reentry under 8 U.S.C. 1326. The issue is a fairly simple issue. Was his conviction from 1996 under California Penal Code 11379 an aggravated felony? Mr. Morfin had filed a motion to dismiss in 2012, in November 2012. The District Court denied the motion, finding that it was an aggravated felony. Now, in addition, at time of sentencing, again we raise the issue of aggravated felony for the sentence enhancement. Under the sentencing guideline, he was hit by a 16-point bump that put him up at a higher range. At the District Court level, it was our position that the transportation of a controlled substance was not an aggravated felony. And as such, we cited several cases. The District Court, in its analysis, applied a modified categorical approach to the case. Does the modified categorical approach permit a court to conclude that he was convicted of sale of the amphetamine, not of transportation of it? Not in this case, Your Honor. And what I refer to is, while this matter has been pending, we've had Moncrief v. Holder that came out that dealt with solicitation. And then we had DeCamp v. United States that came out, which radically limits what a judge can do when the judge is looking at the modified approach. So just to be clear, you're not – are you contesting that the modified approach was the right approach? Or are we talking about what you think was permissible to look at under the approach? What was permissible to look at under the approach. Okay. I would concede, and I think the government and I both agree, that the statute is divisible. There are several ors in that statute. I thought you were contesting that for a minute. No. Okay. No. And where I'm at is the fact that in this case, the District Court not only looked at the abstract, but in addition, she looked at the actions of Mr. Morphine-Dions. Specifically, the court relied on, I believe, minutes from the plea hearing, the complaint. I believe – not sure if a transcript was submitted for the plea hearing, but it is our position that the court, under these new Supreme Court cases, misapplied the application of what the court can look at. The court specifically looked at his actions. And under DeCamp, which has re-emphasized the categorical approach and defined more in depth how the modifies the approach, is such that you do not focus on the actions of the individual. You look at the statute itself to see if it fits under the federal law. I thought the 1996 Acknowledgement of Rights said, according to my note here – I'm just reading from my note, not from – so, you know, please correct me if I've got this wrong. I am charged with the offense of sale of amphetamine. Special allegation, excess amount of amphetamine. It does. Why can't they consider that? Because under, I believe, DeCamp, you're now limited to a smaller limit of documents. So the abstract of judgment would apply. Here, the court not only looked at that, but then the district court looked at the specific actions he took and the minutes to support her position that it was, under the modified approach, an aggravated felony. And you think under DeCamp, the court couldn't consider this acknowledgement that I just read? That's correct. We do not. Okay. As the cases have proceeded in – Could you elaborate on it? What is the language in DeCamp that would suggest that that language that Judge Kristen referred to could not be considered? I believe that DeCamp sets forth that the actions of the individual are not to be looked at. That the court, in limited circumstances, can look to the record of conviction. The Acknowledgement of Rights of my position is not a record of conviction. It's similar to saying, well, they can look at the complaint and certification of probable cause. Oftentimes, the court will look, using a matter of Silva-Trevino, which no longer really applies, will look to those documents to support a finding of aggravated conviction. Here, what I'm saying is that under DeCamp v. United States, there is a very limited area that the court can look at, and an Acknowledgement of Rights would not be sufficient to support it. It's our position that they should look at the judgment and sentence itself and the statute, and that's what should be looked at. Do you know the page in DeCamp where the court describes the narrow – I think they call it a narrow class of documents or window of documents? That I do not. That's okay. I can find it. Thank you. I think I have it before me. It says it retains the category approach essential feature of focus on the elements rather than the facts of a crime. That's what you're saying? That's what I'm saying. All right. So we're limited then for just looking at the charging documents, you're saying, basically? Just the statute itself, 11-379, and the judgment and sentence. And in this case, that's where our position is. Under the judgment and sentence, or the abstract that was used, it says transportation. That's what they say it was convicted under. What the government submitted in support of their position was the sale, was the minutes from the plea hearing, the Acknowledgement of Rights, and it may have been the plea agreement. I'm not sure. And I believe that the judge relied on the plea agreement. Did he give a statement at the plea agreement stage about the basis for his plea? I have not seen a statement of that. I believe that it was in the minutes that the court was submitted to. But did the minutes reflect what he said? No. It just said, I believe, the minutes state that the defendant pled guilty to sale of methamphetamine. They did not say that the defendant stated he sold cocaine as part of the record. Counsel, the court's order that I'm looking at says that the government provided the court with the complaint, the plea agreement, the minute order for the plea, the record of sentencing hearing, and an abstract of judgment. Does that sound right? Yes. Okay. So which of those things do you think were permissible to consider? The complaint? No. The plea agreement? No. The minute order for the plea? No. The record of the sentencing hearing? No. The abstract of judgment? Yes. That's it? That's it. Well, now I understand your argument. Yes. Thank you. And I would reserve one minute. Okay. We will now hear from the appellee. I'm trying to wait for you to introduce yourself before I ask my first question, but I'm all ready whenever you are. Okay. Good morning, Your Honors. Kevin Downs on behalf of the United States. Thank you. Here's my question. Is there anything in DeCamp that prohibits – well, first of all, do you have DeCamp with you? I have references to DeCamp. Okay. So what's the little phrase they use in DeCamp about the narrow window of documents? What's that say exactly? Yeah. And, Your Honor, just to clarify, what DeCamp actually does say is that these are shepherd-approved documents, which is a limited class of documents that allow this court or a sentencing court to look at the underlying crime of conviction. Yes. And for some reason, I don't have DeCamp with me. I had it earlier. I must have set it down. But I have not understood it to prohibit the district court from considering the complaint, the plea agreement, you know, the five documents I just mentioned. What's your position on that? Your Honor, you're correct in the United States position, and it's been clarified by DeCamps, as well as this court subsequently, that the shepherd-approved documents do include the plea agreement, do include the abstract of judgment, do include minute orders. Okay. So here we have the complaint. You think that was fair game? Absolutely. The plea agreement. Yes. The minute order for the plea. Yep. Record of sentencing hearing. Yes, Your Honor. And abstract of judgment. Yes. Okay. Thank you. And based upon what DeCamps has said in clarifying how this modified categorical approach, because it's undisputed that this Section 11379, it is a divisible statute. And what DeCamps says is that if it's a divisible statute, then the court employs a modified categorical approach in order to find whether the state statute or the state crime of conviction is congruent with that of the federal generic offense. And these documents, when taken together, as the district court thoroughly examined each of these documents that were furnished by the government, that it is undisputed and it is unequivocal that the defendant was convicted of sale of amphetamine. And, Judge Christin, you noted the criminal complaint. And that specifies and denotes that there's been two charges. Count Roman numeral 1 for transportation of a controlled substance and Count Roman numeral 2 for sale of a controlled substance. And if you have the supplemental excerpt of record in front of you, I direct the court to page 20. And in that, it specifically says in subparagraph 2, it says, according to the plea agreement, I am charged with the offense of sale of amphetamine, special allegation, excess amount of amphetamine. And the defense counsel is arguing that the district court considered the conduct. And that's not what the district court clarified in its order. And the district court said that, as allowed under the modified categorical approach, you should look at what the elements are. And clearly in subparagraph 2, it states that he was convicted of sale of amphetamine. And as to the underlying charges of Count Roman numeral 1 and Count Roman numeral 2, I direct the court to supplemental excerpt of record on page 21, the second page. Subparagraph 9, again, indicates that the defendant was convicted of sale of amphetamine. And subparagraph 10 says that Count 1 was dismissed. So as to any ambiguity or as to any uncertainty, that doesn't exist here. The five documents are utilized by this court to clarify what the underlying state crime of conviction is. And it's the United States' position that it's clear in this case. There's no ambiguities. And the district court did thoroughly examine and properly concluded that the defendant was convicted of sale of amphetamine, which is an aggravated felony under the modified categorical approach. And if the court has any further questions as to that approach. Okay, I have no questions. Judge Covey, I should, Judge Christin. No, thank you. We're going to let you sit down then. Briefly, Your Honors. While the government maintains that the judge relied on those documents, I think the judge, her own words indicate that she relied on my client's conduct. If you look at. It seems a little circular because the documents describe the conduct. You look at the order denying motion to dismiss at page 7. Okay, wait a minute. I can do that. Okay. At line 15, well, at line 12, the court begins to analyze the federal statute for delivery of drugs and attempted and things like that. At line 15, the court goes on, and I'll recite it. Because Mr. Morphine Diaz's conviction means he necessarily exchanged amphetamines, amphetamine with another party, Mr. Morphine Diaz's conviction is for conduct, his conduct that is punishable for felony delivery of a controlled substance. She indicates that his conduct and the underlying facts of his conduct is the basis for his conviction. And I think the case law now says, you know what, focus on the conduct of the individual, but you look at the statute and the record of conviction. I thought you used the word necessarily when you read what the court said. Doesn't that mean the court's saying that what he was convicted of necessarily meant that he was convicted of that? Yes, but the court, in my opinion, is looking at his conduct, his underlying conduct, what he did. The court is saying that he was convicted. Well, she has to make that inquiry because it's a divisible statute, right? She's trying to figure out which part of the statute where he rang the bell, right? Right. And I would concur with that, but for the fact that now with DeCamp being in the United States and Lone Creek, you don't look at the underlying facts of the individual. You look at the documents. You may say, what's the difference? Well, if Judge District Court- I think there's a difference, and that's why I don't mean to interrupt you, but I agree with you. It's talked about a narrow category, but that's why we went through the five documents. I wanted to give you a chance to tell me which of those documents was not permissible. Right, and that would be my position. But even if we say all five documents were permissible, I'm saying that the judge focused on the conduct of Mr. Morphine Diaz when she found that he had been convicted of an aggravated felony. Okay, thank you, Counsel. Thank you very much. I'm afraid time is up, but we do understand your argument, and we appreciate it. Thank you. We thank counsel for both appellant and appellee for their fine arguments. Very good. And the Morphine Diaz case shall be submitted.
judges: Kobayashi, Gould, Christen